# James v. The State.

*Indictment for Gaming.*

1. *Gaming; admissibility of evidence.*—On a trial under an indictment for gaming, where the State's witnesses testified to the defendant having played and bet at a game with dice, and that another certain named person was also in the game, it is competent for the defendant, upon cross examination of a witness, who has testified that the other person named as having played in the game was in his employ during the month the game was shown to have been played, to ask him whether said person ever got off from his work during such month; an affirmative answer to such question going to the credibility of the testimony of the State's witness as a whole.

2. *Same; same.*—On a trial under an indictment for gaming, testimony that a certain named person who was said to have been in the game at the same time the defendant was playing, was not in the county when the case was tried, is irrelevant and inadmissible.

3. *Same; same.*—On a trial under an indictment for gaming, where on the cross examination of the State's witness there was an effort made to show that he had been officious in the prosecution of gaming cases, it is permissible for the State to prove that such witness attended the grand jury in obedience to a subpoena; and not voluntarily.

[James v. The State.]

4.  *Gaming; what is a place forbidden by the statute; charge to
    the jury.*—The back yard of a storehouse where spirituous,
    vinous or malt liquors are sold, when ingress and egress to
    and from such yard is through the back door of said store,
    comes within the prohibition of the statute against gaming,
    (Code, §§ 4792-4797); and a charge so instructing the jury
    on a trial under an indictment for gaming, is properly given.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant, Frank James, was tried and convicted under an indictment which charged in two counts that he bet at a game played with cards or dice or some device or substitute for cards or dice at a tavern, inn or storehouse for retailing spirituous liquors, or storehouse or place where spirituous liquors were at the time sold, etc., and that he played at a game of cards or dice at a storehouse where spirituous liquors were sold or given away, etc..

The testimony of the witness Lee introduced by the State is sufficiently shown in the opinion. Upon this witness testifying on cross-examination that he was a witness in several gaming cases, he was asked by the solicitor on his re-direct examination the following question: "Were you subpoenaed or did you go before the grand jury voluntarily?" The defendant objected to this question, because it called for wholly illegal and irrelevant evidence. The court overruled the objection, and the defendant duly excepted. The witness testified that he did not go before the grand jury voluntarily, but was subpoenaed. The defendant moved the court to exclude this answer from the jury upon the same ground, and duly excepted to the court's overruling his motion.

Another witness for the State testified to the defendant having played and bet at a game played with dice in the back yard referred to in Lee's testimony, and stated that among others who were present was one Ed Gettings; that Gettings had been summoned as a State's witness, but was absent at that time. The solicitor for the State asked the witness the following question: "Do

14c

[James v. The State.]

you know where Ed Gettings is now?" The defendant objected to this question on the ground that it called for illegal, irrelevant and incompetent evidence, and duly excepted to the court's overruling his objection. In answer to another question asked against the objection and excepton of the defendant the said witness answered that Gettings was not in the county at that time. The defendant as a witness in his own behalf testified that he did not bet or play at a game played with dice at the place designated by the State's witness. The defendant also introduced witnesses who testified that the character of the State's witness was bad, and that they would not believe him on oath.

The other facts of the case are sufficiently stated in the opinion.

The court, at the request of the State, gave to the jury the following written charges: "The back yard of a house where spirituous, vinous or malt liquors are sold and ingress and egress to and from which are through the back door of the house, comes within the prohibition of the statute against gaming."

The defendant duly excepted to the giving of this charge, and also excepted to the court's refusal to give the following charge requested by him: "If the jury believe the evidence, they must find the defendant not guilty."

HILL & HILL, for appellant, cited *Whitaker v. State*, 106 Ala. 32.

CHAS. G. BROWN, Attorney-General for the State. The place where this gaming occurred came within the prohibition of the statute.—*Napier v. State*, 60 Ala. 168; *Ray v. State, Ib.* 172.

SHARPE, J.—In behalf of the State one Lee testified to effect that in May, 1901, defendant played and bet at dice in an enclosed back yard to which the only opening was through the back door of a store where spirituous liquors were sold; that this game began in the morning and continued until late in the day and that among others who were in the game was Dick Laws.

In defendant's behalf Bray testified that Laws worked with him during the month of May, 1901, and defendant then asked him: "Did Dick Laws ever get off from his work during the month of May, 1901?" An objection made by the solicitor to this question was sustained.

In this ruling there was error for which the judgment must be reversed. An affirmative answer to the question would have contradicted Lee as to Law's participation in the game, and would have been relevant as going to the credibility of Lee's testimony as a whole.

The evidence introduced by the State to effect that Gettings who was said to have been in the game was not in the county when the case was tried was irrelevant.

Cross-examination of Lee having been directed to showing he had been officious in the prosecution of gaming cases, it was proper to permit the State to prove he attended the grand jury in obedience to a subpoena and not of his own volition.

In application to the evidence of this case, the charge given for the State was not erroneous; the yard being *at* the retailing liquor store, within the meaning of sections 4792 and 4797 of the Code.

The charge requested by defendant was properly refused.

Reversed and remanded.